**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN 224018)
bhur@willkie.com
SIMONA A. AGNOLUCCI (SBN 246943)
sagnolucci@willkie.com
EDUARDO E. SANTACANA (SBN 281668)
esantacana@willkie.com
DAVID D. DOAK (SBN 301319)
ddoak@willkie.com
ISABELLA MCKINLEY CORBO (SBN 346226)
icorbo@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

Attorneys for Defendant
**GOOGLE LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| M.D., O.F., and J.P., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOOGLE LLC and META PLATFORMS, INC.,<br><br>Defendants. | Case No. 3:24-cv-06369-AMO<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: July 10, 2025<br>Time: 2:00 p.m.<br>Ctrm: 10, 19th Floor<br>450 Golden Gate Ave., SF, CA 94102<br>Before: Hon. Araceli Martínez-Olguín<br><br>**CLASS ACTION**<br>Trial Date: Not set<br>Current Action Filed: September 10, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Evidence ("Rule") 201 and applicable case law, Defendant Google LLC ("Google") hereby respectfully requests that the Court consider Exhibits 1–8 under the doctrines of judicial notice and/or incorporation by reference, as appropriate, in support of Google's concurrently filed Motion to Dismiss First Amended Class Action Complaint.

- **Exhibit 1:** *Some facts about Google Analytics data privacy*, available at https://blog.google/around-the-globe/google-europe/google-analytics-facts/.
- **Exhibit 2-A:** *Google Analytics Terms of Service*, dated March 31, 2021, available at https://marketingplatform.google.com/about/analytics/terms/us-20210331/.
- **Exhibit 2-B:** *Google Analytics Terms of Service*, dated May 15, 2023, available at https://marketingplatform.google.com/about/analytics/terms/us/.
- **Exhibit 3:** *HIPAA and Google Analytics*, available at https://support.google.com/analytics/answer/13297105?hl=en#:~:text=HIPAA%2Dregulated%20entities%20using%20Google,in%20Google's%20contracts%20and%20policies.
- **Exhibit 4:** *Best practices to avoid sending Personally Identifiable Information (PII),* available at https://support.google.com/analytics/answer/6366371#page-url&zippy=%2Cin-this-article.
- **Exhibit 5-A:** *BlueChew Privacy and Security Policy*, effective November 5, 2021, available at https://web.archive.org/web/20211105171706/https://bluechew.com/privacy-and-security/.
- **Exhibit 5-B:** *BlueChew Privacy and Security Policy*, effective March 9, 2022, available at https://web.archive.org/web/20220309044311/https://bluechew.com/privacy-and-security.
- **Exhibit 5-C:** *BlueChew Privacy and Security Policy*, effective October 8, 2022, available at https://web.archive.org/web/20221008031652/https://bluechew.com/privacy-and-security.
- **Exhibit 5-D:** *BlueChew Privacy and Security Policy*, effective December 7, 2022, available at https://web.archive.org/web/20221207235842/https://bluechew.com/privacy-and-security.
- **Exhibit 5-E:** *BlueChew and Security Privacy Policy*, effective March 29, 2023, available at https://web.archive.org/web/20230329100824/https://bluechew.com/privacy-and-security.

- **Exhibit 5-F:** *BlueChew Privacy and Security Policy*, effective July 8, 2024 (last updated June 17, 2024), available at https://web.archive.org/web/20240708211640/https://bluechew.com/privacy-and-security.
- **Exhibit 5-G:** *BlueChew Privacy and Security Policy*, effective August 16, 2024, available at https://web.archive.org/web/20240816070443/https://bluechew.com/privacy-and-security.
- **Exhibit 6-A:** *BlueChew Account Sign Up*, effective February 3, 2021, available at https://web.archive.org/web/20210203222207/https://bluechew.com/register.
- **Exhibit 6-B:** *BlueChew Account Sign Up*, effective December 12, 2022, available at https://web.archive.org/web/20221212155158/https://app.bluechew.com/log-in.
- **Exhibit 6-C:** *BlueChew Account Sign Up*, effective March 29, 2023, available at https://web.archive.org/web/20230329100820/https://app.bluechew.com/log-in.
- **Exhibit 6-D:** *BlueChew Account Sign Up*, effective October 20, 2023, available at https://web.archive.org/web/20231020072520/https://app.bluechew.com/register.
- **Exhibit 6-E:** *BlueChew Account Sign Up*, effective December 27, 2024, available at https://web.archive.org/web/20241227002449/https://app.bluechew.com/register.
- **Exhibit 7-A:** *BlueChew Terms & Conditions*, effective November 21, 2021, available at https://web.archive.org/web/20211121063752/https://bluechew.com/.
- **Exhibit 7-B:** *BlueChew Terms & Conditions*, effective March 9, 2022, available at https://web.archive.org/web/20220309044313/https://bluechew.com/terms-and-conditions/.
- **Exhibit 7-C:** *BlueChew Terms & Conditions*, effective September 30, 2022, available at https://web.archive.org/web/20220930060325/https://bluechew.com/terms-and-conditions/.
- **Exhibit 7-D:** *BlueChew Terms and Conditions*, last accessed February 18, 2025, available at https://bluechew.com/terms-and-conditions.
- **Exhibit 8:** *Connect Google Ads to Google Analytics*, available at https://support.google.com/analytics/answer/9379420?hl=en#zippy=%2Cin-this-article.

Dated: February 20, 2025

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*

Benedict Y. Hur
Simona Agnolucci
Eduardo E. Santacana
David Doak
Isabella McKinley Corbo

Attorneys for Defendant
Google LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Google respectfully requests that the Court consider Exhibits 1–8, as set forth in the Declaration of Isabella McKinley Corbo submitted herewith, in support of Google's concurrently filed Motion to Dismiss First Amended Class Action Complaint (the "Motion to Dismiss"). As explained in more detail below, these exhibits, which include publicly available help pages, terms of service, and privacy policies from the website referenced in Plaintiffs' First Amended Class Action Complaint ("FAC"), are not subject to reasonable dispute and are each subject to judicial notice and/or the doctrine of incorporation by reference.

**I. LEGAL STANDARD**

On a motion to dismiss, courts can consider materials beyond the four corners of the complaint when they are "matters of judicial notice." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Minor v. FedEx Off. & Print Servs., Inc.*, No. 14-CV-01117-LHK, 2014 WL 12570168, at *3–4 (N.D. Cal. Aug. 11, 2014) (reciting and applying these rules). Documents that "appear on publicly available websites . . . are thus proper subjects for judicial notice." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (granting Google's request for judicial notice in support of motion to dismiss); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noticing publicly available websites).

The doctrine of incorporation by reference, which is distinct from the doctrine of judicial notice, supplies an additional basis for considering documents beyond a complaint's four corners in the specific context of a Rule 12 motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). When a plaintiff's claim depends on the contents of a document attached to the defendant's motion to dismiss, and the document's authenticity is unquestioned, the court may deem the document "incorporated" into the

complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *accord Ritchie*, 342 F.3d at 908 (stating that a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 999.

## II. ARGUMENT

### A. Judicial Notice of Publicly Accessible Webpages

Exhibits 1–8 are judicially noticeable as publicly available documents not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). These exhibits consist of the following publicly accessible web pages: (1) a Google blog post regarding Google Analytics; (2) two iterations of the Google Analytics Terms of Service; (3) three Google Analytics help pages; (4) seven iterations of BlueChew.com's ("BlueChew" or the "Website") Privacy Policy; (5) five iterations of BlueChew's account registration page; and (6) four iterations of BlueChew's Terms and Conditions.

As publicly available webpages, these exhibits are proper subjects of judicial notice. *See Cody v. Ring LLC, No.* 23-cv-00562-AMO, 2025 WL 240763, at 2 n.3 (N.D. Cal. Jan. 16, 2025) ("These exhibits are easily verifiable, publicly available websites. As such, the Court finds they are proper subjects of judicial notice."); *Hammerling v. Google LLC*, No. 21-CV-09004-CRB, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this circuit"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases); *Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("The court agrees with the proposition that, as a general matter, websites and their contents may be proper subjects for judicial notice."); *Brown*, 525 F. Supp. 3d at 1061 ("These documents appear on publicly available websites and are thus proper subjects for judicial notice."). Exhibit 1 is a publicly available blog post about Google Analytics. Exhibits 2-A, 2-B, 3, 4, and 8 consist of Google's publicly available terms of service and policies governing the use of Google products for analytics. Exhibits 5-A, 5-B, 5-C, 5-D, 5-E, 5-F, and 5-G are the publicly available privacy policies for the Website identified

in Plaintiffs' FAC as giving rise to their claims. *See FAC* ¶¶ 1, 6. Exhibits 6-A, 6-B, 6-C, 6-D, and 6-E are the publicly available account sign-up page for the Website. Exhibits 7-A, 7-B, 7-C, and 7-D are the Website's publicly available Terms and Conditions.

Moreover, courts in this District often take judicial notice of privacy policies and terms of service in privacy-related litigation, including some of the same documents Google asks the Court to notice here, and very similar ones. *See, e.g.*, *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (noticing Google's terms of service and privacy policies); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617–18 (N.D. Cal. 2021) (same); *Brown*, 525 F. Supp. 3d at 1061 (same); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (same for Yahoo's); *Yuksel v. Twitter, Inc.*, No. 22-CV-05415-TSH, 2022 WL 16748612, at *2 (N.D. Cal Nov. 7, 2022) (same for Twitter's terms of service and rules); *Coffee v. Google LLC*, No. 20-CV-03901-BLF, 2021 WL 493387, at *3–4 (N.D. Cal. Feb. 10, 2021) (same for Google's terms of service).

Exhibits 5-A through 5-G, 6-A through 6-E, and 7-A through 7-C are web pages available through the Internet Archive's Wayback Machine. "District courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine." *Parziale v. HP, Inc*, No. 5:19-CV-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020); *see also Erickson v. Neb. Mach. Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

In sum, there is ample case law supporting this Court's authority to take judicial notice of each of Google's submitted exhibits here.

### B. Incorporation by Reference

In deciding Google's Motion to Dismiss, the Court also may consider the materials in Exhibits 1–8 for the additional reason that Plaintiffs' FAC incorporates them by reference. Where, as here, important documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider

them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based." *Id.* (internal quotations and citation omitted).

Exhibits 1, 2-A, 2-B, 3, and 4 are Google blog posts regarding Google Analytics and the Google Analytics Terms of Service and related policies, the contents of which Plaintiffs purport to paraphrase in the FAC. *See, e.g.*, FAC ¶ 66 (Google Analytics "allows companies and advertisers that utilize it" to perform various analytical functions); *id.* ¶ 71 ("Google Analytics enables the company or advertiser to customize the processing of the data").

Exhibits 5-A through 5-G, while not expressly referenced in the FAC, are integral to the allegations that Google violated Plaintiffs' "objectively reasonable expectation of privacy" while using BlueChew.com, which necessarily rely on the Website's privacy policy. *See, e.g.*, FAC ¶¶ 105, 116. And Exhibits 6-A through 6-E, 7-A through 7-D, as well as Exhibits 5-F and 5-G, though likewise not expressly referenced in the FAC, are integral to the allegations that Google "intercept[ed]" any of Plaintiffs' information "without explicit consent," which necessarily rely on Plaintiffs not having consented to the Website's privacy policy. *Id.* ¶¶ 6, 13, 76–77, 93, 96–97, 109, 125, 137; *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Birdsong v. AT&T Corp.*, No. C12-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) ("[U]nder the doctrine of incorporation by reference, courts may consider extrinsic documents if they are 'integral' to the plaintiff's claims and their authenticity is not in dispute."); *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2021 WL 4133753, at *10 (N.D. Cal. Sept. 10, 2021), *aff'd*, No. 21-16681, 2023 WL 5925982 (9th Cir. Sept. 12, 2023) (same); *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 936 (N.D. Cal. 2019) (same).

Dated: February 20, 2025

**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur
Simona A. Agnolucci
Eduardo E. Santacana
David D. Doak
Isabella McKinley Corbo

By: */s/ Benedict Y. Hur*
BENEDICT Y. HUR

Attorneys for Defendant
GOOGLE LLC