COOLEY LLP
BEN HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
JOSHUA ANDERSON (312836)
(joshua.anderson@cooley.com)
ISABELLA CORBO (346226)
(icorbo@cooley.com)
AMBER FENG (352653)
(adfeng@cooley.com)
3 Embarcadero Center
20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

M.D., O.F., and J.P., individually and on behalf of all others similarly situated,,

Plaintiffs,

v.

GOOGLE LLC and META PLATFORMS,

Defendants.

Case No. 3:24-cv-06369-AMO

**DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFFS SECOND AMENDED COMPLAINT**

Judge: Hon. Araceli Martínez-Olguín

Date Action Filed: September 10, 2024

Defendant Google LLC ("Google") hereby answers Plaintiffs' Second Amended Complaint ("SAC"), filed on October 24, 2025, by Plaintiffs M.D. and O.F. ("Plaintiffs"), according to its numbered paragraphs as follows below. Except as expressly admitted herein, Google denies all allegations in the SAC. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.[1]

## NATURE OF THE ACTION

1. Google admits that Plaintiffs filed this case as a putative class action. The remainder of Paragraph 1 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 1.

2. Google lacks sufficient information to admit or deny the allegations in Paragraph 2 and on that basis denies them.

3. Google denies that it obtained Plaintiffs' and putative Class Members' sensitive or personal information from www.BlueChew.com ("BlueChew" or the "Website"). The remainder of Paragraph 3 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 3.

4. Google admits that it provides advertising services and analytics services that developers can choose to incorporate into their websites and apps. Google denies the remaining allegations in Paragraph 4.

5. Google denies that it obtained any "protected information" from the Website. Google lacks sufficient information sufficient to admit or deny the remaining allegations in Paragraph 5 and on that basis denies them.

6. Google lacks sufficient knowledge and information to admit or deny the allegations in Paragraph 6 and on that basis denies them. Paragraph 6 also contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 6.

[1] Google interprets any headings and the Table of Contents to provide a roadmap to the allegations and not as allegations themselves. Google therefore does not provide a specific response to the headers or the Table of Contents. To the extent a response is required, Google denies any allegations contained therein. The various headings and subheadings in the SAC are reproduced herein solely for convenience.

**PARTIES**

7. Paragraph 7 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies that it obtained Plaintiff M.D.'s protected health information ("PHI") or any other sensitive information from BlueChew. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 7 and on that basis denies them.

8. Paragraph 8 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies that it obtained Plaintiff M.D.'s personally identifiable information ("PII"), prescription information, or other sensitive data from BlueChew. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 8 and on that basis denies them.

9. Paragraph 9 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies that it obtained Plaintiff O.F.'s PHI or any other sensitive information from BlueChew. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 and on that basis denies them.

10. Paragraph 10 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies that it obtained Plaintiff O.F.'s PII, prescription information, or other sensitive data from BlueChew. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 10 and on that basis denies them.

11. Google lacks sufficient information to admit or deny the allegations in Paragraph 11 and on that basis denies them.

12. Google denies that it obtained Plaintiffs' PII, PHI, or other sensitive information from BlueChew. Paragraph 12 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 12 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 12 and on that basis denies them.

13. Google admits that it is a Delaware limited liability company with its principal place

of business in Mountain View, California. Otherwise, denied.

14. Google lacks sufficient information to admit or deny the allegations in Paragraph 14 and on that basis denies them.

## JURISDICTION AND VENUE

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent a response is required, Google admits that this Court has subject matter jurisdiction.

16. Paragraph 16 contains a legal conclusion to which no response is required. To the extent a response is required, Google admits that this Court has personal jurisdiction over Google.

17. Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, Google admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

### A. The BlueChew Website

18. Google lacks sufficient information to admit or deny the allegations in Paragraph 18 and on that basis denies them.

19. Google lacks sufficient information to admit or deny the allegations in Paragraph 19 and on that basis denies them.

20. Google lacks sufficient information to admit or deny the allegations in Paragraph 20 and on that basis denies them.

21. Google lacks sufficient information to admit or deny the allegations in Paragraph 21 and on that basis denies them.

22. Google lacks sufficient information to admit or deny the allegations in Paragraph 22 and on that basis denies them.

23. Google lacks sufficient information to admit or deny the allegations in Paragraph 23 and on that basis denies them.

24. Google lacks sufficient information to admit or deny the allegations in Paragraph 24 and on that basis denies them.

### B. Facebook's Tracking Technology on the BlueChew Website

25. Google lacks sufficient information to admit or deny the allegations in Paragraph 25

and on that basis denies them.

26. Google lacks sufficient information to admit or deny the allegations in Paragraph 26 and on that basis denies them.

27. Google lacks sufficient information to admit or deny the allegations in Paragraph 27 and on that basis denies them.

28. Google lacks sufficient information to admit or deny the allegations in Paragraph 28 and on that basis denies them

29. Google lacks sufficient information to admit or deny the allegations in Paragraph 29 and on that basis denies them.

30. Google lacks sufficient information to admit or deny the allegations in Paragraph 30 and on that basis denies them.

31. Google lacks sufficient information to admit or deny the allegations in Paragraph 31 and on that basis denies them.

32. Google lacks sufficient information to admit or deny the allegations in Paragraph 32 and on that basis denies them.

33. Google lacks sufficient information to admit or deny the allegations in Paragraph 33 and on that basis denies them.

34. Google lacks sufficient information to admit or deny the allegations in Paragraph 34 and on that basis denies them.

35. Google lacks sufficient information to admit or deny the allegations in Paragraph 35 and on that basis denies them.

36. Google lacks sufficient information to admit or deny the allegations in Paragraph 36 and on that basis denies them.

37. Google lacks sufficient information to admit or deny the allegations in Paragraph 37 and on that basis denies them.

38. Google lacks sufficient information to admit or deny the allegations in Paragraph 38 and on that basis denies them.

39. Google lacks sufficient information to admit or deny the allegations in Paragraph 39

and on that basis denies them.

40. Google lacks sufficient information to admit or deny the allegations in Paragraph 40 and on that basis denies them.

41. Google lacks sufficient information to admit or deny the allegations in Paragraph 41 and on that basis denies them.

42. Google lacks sufficient information to admit or deny the allegations in Paragraph 42 and on that basis denies them.

43. Google lacks sufficient information to admit or deny the allegations in Paragraph 43 and on that basis denies them.

44. Google lacks sufficient information to admit or deny the allegations in Paragraph 44 and on that basis denies them.

45. Google lacks sufficient information to admit or deny the allegations in Paragraph 45 and on that basis denies them.

46. Google lacks sufficient information to admit or deny the allegations in Paragraph 46 and on that basis denies them.

47. Google lacks sufficient information to admit or deny the allegations in Paragraph 47 and on that basis denies them.

48. Google lacks sufficient information to admit or deny the allegations in Paragraph 48 and on that basis denies them.

49. Google lacks sufficient information to admit or deny the allegations in Paragraph 49 and on that basis denies them.

50. Google lacks sufficient information to admit or deny the allegations in Paragraph 50 and on that basis denies them.

51. Google lacks sufficient information to admit or deny the allegations in Paragraph 51 and on that basis denies them.

52. Google lacks sufficient information to admit or deny the allegations in Paragraph 52 and on that basis denies them.

53. Google lacks sufficient information to admit or deny the allegations in Paragraph 53

and on that basis denies them.

54. Google lacks sufficient information to admit or deny the allegations in Paragraph 54 and on that basis denies them.

55. Google lacks sufficient information to admit or deny the allegations in Paragraph 55 and on that basis denies them.

56. Google lacks sufficient information to admit or deny the allegations in Paragraph 56 and on that basis denies them.

57. Google lacks sufficient information to admit or deny the allegations in Paragraph 57 and on that basis denies them.

58. Paragraph 58 contains legal conclusions, characterizations, or arguments, to which no response is required. To extent a response is required, Google lacks sufficient information to admit or deny the allegations in Paragraph 58 and on that basis denies them.

**C. Google's Tracking Technology on the BlueChew Website**

59. Google admits that it is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company. Google denies all remaining allegations in Paragraph 59.

60. Google states that the webpage referred to and cited by Paragraph 60 and footnote 38 speaks for itself, and therefore no response is required. To the extent a response is required, Google denies all remaining allegations in Paragraph 60.

61. Google admits that it provides advertising services, analytics services, and cloud services. Google denies all remaining allegations in Paragraph 61.

62. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google denies all remaining allegations in Paragraph 62.

63. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions, and that a previous version of Google's analytics services was called Universal Analytics. Google states that Paragraph 63 purports to cite to an unidentified document, and on that

basis denies the allegations purporting to quote said unidentified document. Google denies all remaining allegations in Paragraph 63.

64. Google admits that it provides analytics services, including through Google Analytics and Google Analytics for Firebase, that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google admits that a version of Google Analytics, called Google Analytics 4, was released to the public in 2020. Google denies all remaining allegations in Paragraph 64.

65. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 65, and on that basis denies them.

66. Google states that the webpage referred to and cited to by Paragraph 66 speaks for itself, and therefore no response is required. To the extent a response is required, Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google denies all remaining allegations in Paragraph 66.

67. Google admits that it provides analytics services through Google Analytics, which developers can choose to incorporate into their websites and apps to measure certain user interactions. Google denies all remaining allegations in Paragraph 67.

68. Denied.

69. Denied.

70. Google lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies them.

71. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google admits that developers can configure Google Analytics to customize what data their websites and apps transmit to Google, subject to contractual limitations prohibiting websites from sharing certain types of data, including personally identifiable information. Google admits

that it can store the data as instructed by the developer. Google denies all remaining allegations in Paragraph 71.

72. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions and that Google provides the developer with reports to view their measurement. Google admits that developers can configure Google Analytics to customize what data their websites and apps transmit to Google, subject to contractual limitations prohibiting websites from sharing certain types of data, including personally identifiable information. Google admits that it processes the data and stores the data as instructed by the developer. Google denies all remaining allegations in Paragraph 72.

73. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google admits that it may use Google Analytics data to improve its products and services, subject to certain settings, internal policies, and/or technical restrictions. Google denies all remaining allegations in Paragraph 73.

74. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google admits that it provides advertising services. Google admits that developers can choose to link their Google Analytics and Google Ads accounts. Google denies all remaining allegations in Paragraph 74.

75. Google admits that it provides analytics services through Google Analytics that developers can choose to incorporate into their websites and apps to measure certain user interactions. Google admits that developers can configure Google Analytics to customize what data their websites and apps transmit to Google, subject to contractual limitations prohibiting websites from sharing certain types of data, including personally identifiable information. Google denies all remaining allegations in Paragraph 75.

76. Google denies that it "intercepted" PII, PHI, or other sensitive data from the Website. Google lacks knowledge and information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 76, and on that basis denies them.

77. Google denies that it obtained PII, PHI, or other sensitive data from the Website. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 77, and on that basis denies them.

**D. Defendants Intercepted Legally Protected Information**

78. Paragraph 78 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations insofar as they pertain to Google. Google lacks sufficient information to admit or deny the allegations in Paragraph 78 and on that basis denies them.

79. Paragraph 79 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statutes cited in Paragraph 79 speak for themselves. Google otherwise denies the allegations in Paragraph 79.

80. Paragraph 80 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 80 speaks for itself. Google otherwise denies the allegations in Paragraph 80.

81. Paragraph 81 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 81 speaks for itself. Google otherwise denies the allegations in Paragraph 81.

82. Paragraph 82 contains legal conclusions, characterizations, or arguments, to which no response is required. Google states that the statute cited in Paragraph 82 speaks for itself. Google otherwise denies the allegations in Paragraph 82.

83. Paragraph 83 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 83 and on that basis denies them.

## CLASS ACTION ALLEGATIONS

84. Paragraph 84 sets forth Plaintiff M.D.'s proposed class definition and does not require a response. To the extent a response is required, Google denies any allegations in Paragraph

84, and denies that class certification is appropriate in this action. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

85. Paragraph 85 sets forth Plaintiff O.F.'s proposed class definition and does not require a response. To the extent a response is required, Google denies any allegations in Paragraph 85, and denies that class certification is appropriate in this action. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

86. Paragraph 86 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 86, and denies that class certification is appropriate in this action. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

87. Paragraph 87 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 87, and denies that class certification is appropriate in this action. Google reserves all rights to contend that this "class period" be amended as appropriate in the event that the Court grants certification in whole or in part.

88. Paragraph 88 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 88, and denies that class certification is appropriate in this action. Google reserves all rights to contend that other persons must be excluded from the class in the event that the Court grants certification in whole or in part.

89. Paragraph 89 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 89, and denies that class certification is appropriate in this action.

90. Paragraph 90 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in

Paragraph 90, and denies that class certification is appropriate in this action.

91. Paragraph 91 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 91, and denies that class certification is appropriate in this action.

92. Paragraph 92 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 92, and denies that class certification is appropriate in this action.

93. Paragraph 93 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 93, and denies that class certification is appropriate in this action.

## COUNT I
## Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631

94. Google incorporates by reference its responses in the preceding paragraphs of this Answer.

95. Paragraph 95 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 95 speaks for itself. Google otherwise denies the allegations in Paragraph 95.

96. Paragraph 96 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 96 speaks for itself. Google otherwise denies the allegations in Paragraph 96.

97. Paragraph 97 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 98 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 98 as they pertain to another Defendant and on that basis denies them.

99. Paragraph 99 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 99 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 99 as they pertain to another Defendant and on that basis denies them.

100. Paragraph 100 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 100 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 100 as they pertain to another Defendant and on that basis denies them.

101. Paragraph 101 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 101 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 101 as they pertain to another Defendant and on that basis denies them.

102. Paragraph 102 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 102 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 102 as they pertain to another Defendant and on that basis denies them.

103. Paragraph 103 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 103 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 103 as they pertain to another Defendant and on that basis denies them.

104. Paragraph 104 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 104 insofar as they pertain to Google and denies that Google received Plaintiffs' PHI or

other sensitive information from the Website. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 104 as they pertain to another Defendant and on that basis denies them.

105. Paragraph 105 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 105 and denies that Plaintiff is entitled to relief. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 105 as they pertain to another Defendant and on that basis denies them.

106. Paragraph 106 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 106 and denies that Plaintiff is entitled to relief. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 106 as they pertain to another Defendant and on that basis denies them.

**COUNT II**
**Violation of the California Invasion of Privacy Act,**
**Cal. Penal Code § 632**

107. Google incorporates by reference its responses in the preceding paragraphs of this Answer.

108. Paragraph 108 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 108 speaks for itself; Google otherwise denies the allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 109 speaks for itself; Google otherwise denies the allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in

Paragraph 111 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 111 as they pertain to another Defendant, and on that basis denies them.

112. Paragraph 112 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 112 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 112 as they pertain to another Defendant, and on that basis denies them.

113. Paragraph 113 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 113 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 113 as they pertain to another Defendant, and on that basis denies them.

114. Paragraph 114 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 114 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 114 as they pertain to another Defendant, and on that basis denies them.

115. Paragraph 115 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 115 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 115 as they pertain to another Defendant, and on that basis denies them.

116. Paragraph 116 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 116 and denies that Plaintiff is entitled to relief. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 116 as they pertain to another Defendant and on that basis denies them.

117. Paragraph 117 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 117 insofar as they pertain to Google, and denies that Plaintiff is entitled to relief. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 117 as they pertain to another Defendant, and on that basis denies them.

**COUNT III**
**Invasion of Privacy Under California's Constitution**

118. Google incorporates by reference its responses in the preceding paragraphs of this Answer.

119. Paragraph 119 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 119 as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 119 as they pertain to another Defendant, and on that basis denies them.

120. Paragraph 120 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 120 as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 120 as they pertain to another Defendant, and on that basis denies them.

121. Paragraph 121 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 121 as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 121 as they pertain to another Defendant, and on that basis denies them.

122. Paragraph 122 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 122 as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 122 as they pertain to another Defendant, and on that basis

denies them.

123. Paragraph 123 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 123 as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 123 as they pertain to another Defendant, and on that basis denies them.

124. Paragraph 124 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies that Plaintiff is entitled to relief.

**COUNT IV**
**Violation of the Pennsylvania Wiretapping Act,**
**18 Pa. Cons. Stat. § 5701**

125. Google incorporates by reference its responses in the preceding paragraphs of this Answer.

126. Paragraph 126 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 126 speaks for itself; Google otherwise denies the allegations in Paragraph 126.

127. Paragraph 127 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 127 speaks for itself; Google otherwise denies the allegations in Paragraph 127.

128. Paragraph 128 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google states that the statute cited in Paragraph 128 speaks for itself; Google otherwise denies the allegations in Paragraph 128.

129. Paragraph 129 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 129 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 129 as they pertain to another Defendant, and on that basis denies them.

130. Paragraph 130 contains legal conclusions, characterizations, or arguments, to which

no response is required. To the extent a response is required, Google denies the allegations in Paragraph 130 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 130 as they pertain to another Defendant, and on that basis denies them.

131. Paragraph 131 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 131 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 131 as they pertain to another Defendant, and on that basis denies them.

132. Paragraph 132 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 132 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 132 as they pertain to another Defendant, and on that basis denies them.

133. Paragraph 133 contains legal conclusions, characterizations, or arguments, to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 133 insofar as they pertain to Google. Google lacks sufficient information to admit or deny the remaining allegations in Paragraph 133 as they pertain to another Defendant, and on that basis denies them.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That a judgment of dismissal be entered in favor of Google and against Plaintiffs; and
3. That Google be awarded such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with

Plaintiffs, and expressly denying any and all wrongdoing and reserving any and all defenses it may have against Plaintiffs and the putative classes, Google alleges the following defenses to the SAC:

**FIRST DEFENSE**
**(Unjust Enrichment)**

Plaintiffs' claims for damages—and each and every member of the putative classes' claims for damages—are barred, in whole or in part, because they would be unjustly enriched if they recovered any monetary relief.

**SECOND DEFENSE**
**(Consent – Express or Implied)**

The Plaintiffs' claims—and each and every member of the putative classes' claims— are barred, in whole or in part, because they expressly or impliedly consented to and/or received disclosures of all of Google's complained-of acts and conduct; thus, the SAC, and each purported cause of action therein, is barred.

**THIRD DEFENSE**
**(Statute of Limitations)**

The SAC, and each purported cause of action therein, is barred in whole or in part by the applicable statutes of limitations.

**FOURTH DEFENSE**
**(Waiver)**

Plaintiffs and the members of the putative classes, by reason of their own acts, omissions, representations, and/or course of conduct, have waived any right to assert, each of their respective claims against Google.

**FIFTH DEFENSE**
**(Laches)**

The claims of Plaintiffs and the members of the putative classes are barred by the doctrine of laches.

**SIXTH DEFENSE**
**(License)**

Google had an implied or express license to utilize the information provided by users and at issue in the SAC.

**SEVENTH DEFENSE**
**(Equitable Estoppel)**

The SAC, the claims alleged therein, and the elements of relief sought therein are barred; in whole or in part, including but not limited to the extent that Plaintiffs' and the members of the putative classes' own conduct, and no acts or omissions of Google, caused Plaintiffs' and the members of the putative classes' alleged damages and injuries, and/or because Plaintiffs and the members of the putative classes observed, knew, were informed about, read, heard about, understood, and/or came to understand the details of the terms governing the service that they now challenge, yet nevertheless consented to the terms with that knowledge about which they now complain.

**EIGHTH DEFENSE**
**(Contractual Defenses)**

Plaintiffs' and the members of the putative classes' claims and damages are barred, in whole or in part, by contracts and/or agreements they entered into.

**NINTH DEFENSE**
**(Failure to Mitigate)**

Plaintiffs' and the members of the putative classes' claims for damages are barred, in whole or in part, because they failed to mitigate the damages they suffered.

**TENTH DEFENSE**
**(Adequate Remedy at Law)**

Plaintiffs and the members of the putative classes are not entitled to equitable relief because they have an adequate remedy at law and the relief they request is not the proper subject of a judicial remedy.

**ELEVENTH DEFENSE**
**(Statutory and Punitive Damages — Unconstitutional)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited to the extent imposition of such damages would violate the Fifth, Eighth, or Fourteenth Amendments of the United States Constitution, Article 1 of the California Constitution, section 3294 of the California Civil Code, or any other provision of law.

**TWELFTH DEFENSE**
**(Unclean Hands)**

Plaintiffs and the members of the putative classes are barred from recovery, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**
**(Authorization)**

The SAC and the alleged claims in it are barred, in whole or in part, because at all relevant times, Google's alleged conduct was authorized.

**FOURTEENTH DEFENSE**
**(Release)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they have been released.

**FIFTEENTH DEFENSE**
**(Privilege/Justification/Excuse)**

The named Plaintiffs, and each and every member of the putative classes, are barred from recovery because Google's actions were, in whole or in part, privileged, justified and/or excused by operation of law.

**SIXTEENTH DEFENSE**
**(Intervening or Superseding Cause)**

Plaintiffs' claims—and each and every member of the putative classes' claims—are barred, in whole or in part, because the damages alleged in the SAC, if any, were caused by persons and entities other than Google. Such intervening and superseding conduct of others bars and/or

diminishes recovery, if any, by Plaintiffs and the putative class members against Google.

**SEVENTEENTH DEFENSE**
**(Unauthorized Remedies)**

The SAC and the alleged claims in it are barred in whole or in part because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.

**EIGHTEENTH DEFENSE**
**(No Standing)**

Plaintiffs' claims—and each and every member of the putative classes' claims—are barred, in whole or in part, because they have not suffered injury in fact because of the acts or practices complained of.

**NINTEENTH DEFENSE**
**(Mootness)**

Plaintiffs' and the members of the putative classes' claims are barred, in whole or in part, by the doctrine of mootness.

**TWENTIETH DEFENSE**
**(Failure to State a Claim)**

The Second Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to state a cause of action against Google on which relief may be granted.

**TWENTY-FIRST DEFENSE**
**(No Liability)**

Google did not commit the alleged or any wrongful act against Plaintiffs and the members of the putative classes and, thus, Google is not responsible for any alleged damages to Plaintiffs and the members of the putative classes.

**TWENTY-SECOND DEFENSE**
**(Lack of Harm or Damages)**

Google is informed and believes, and on that basis alleges, that Plaintiffs and the members of the putative classes have not suffered any harm or damages as a result of action taken by Google

and, as a result, Plaintiffs and the members of the putative classes are barred from asserting any claims against Google.

**TWENTY-THIRD DEFENSE**
**(No Irreparable Harm)**

The SAC fails to state facts sufficient to state a claim for injunctive relief, including the existence of irreparable harm.

**TWENTY-FOURTH DEFENSE**
**(Lack of Causation)**

Any damages to which Plaintiffs and the members of the putative classes may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by Google, and must be decreased to the extent the acts or omissions of persons and entities other than Google, such as Plaintiffs and the members of the putative classes, or third parties, were a cause of those damages.

**TWENTY-FIFTH DEFENSE**
**(Necessary Incident to Rendition of Services)**

The Plaintiffs' claims—and each and every member of the putative classes' claims—are barred, in whole or in part, because Google's actions were a necessary incident to the rendition of services.

**TWENTY-SIXTH DEFENSE**
**(Inapplicability to the Internet)**

The Plaintiffs' claims—and each and every member of the putative classes' claims— are barred, in whole or in part, to the extent California Penal Code § 631(a) does not apply to the Internet.

**TWENTY-SEVENTH DEFENSE**
**(CUTSA Supersession)**

Plaintiffs' and the members of the putative classes' claims are barred, in whole or in part, because they have been superseded by the California Uniform Trade Secrets Act.

**TWENTY-EIGHTH DEFENSE**
**(No Private Right of Action)**

Plaintiffs' and the members of the putative classes' claims are barred, in whole or in part, to the extent the underlying statutes do not provide for a private right of action.

**TWENTY-NINTH DEFENSE**
**(Right to Assert Additional Defenses)**

Google reserves the right to amend its answer and/or assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: September 10, 2026

**COOLEY LLP**

By: */s/ Ben Hur*
Ben Hur

Attorneys for Defendant
GOOGLE LLC