LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
*kristin.whitehead@lw.com*
Catherine A. Rizzoni (Bar No. 322267)
*cat.rizzoni@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant*
*Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| M.D. and O.F., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and META PLATFORMS, INC.,<br><br>Defendants. | CASE NO. 4:24-cv-06369-AMO<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Second Amended Class Action Complaint Filed: October 24, 2025<br><br>Judge: Hon. Araceli Martínez-Olguín |

## I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") hereby answers the Second Amended Class Action Complaint filed by plaintiffs on October 24, 2025 ("SAC") according to its numbered paragraphs as follows below. Meta denies all allegations in the SAC not expressly admitted herein. By filing this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## II. NATURE OF THE ACTION[1]

1. Meta admits that plaintiffs purport to bring this lawsuit as a putative class action "on behalf of all patients who accessed and used www.BlueChew.com (the 'Website') to purchase prescription medication," but denies that class certification is appropriate in this case. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 1.

2. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and, on that basis, denies them.

3. The allegations in paragraph 3 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 3.

4. Paragraph 4 contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 4.

---

[1] Meta denies each and every allegation contained in any and all headings, subheadings, footnotes, appendices or unnumbered paragraphs in the Second Amended Complaint, to the extent any allegations are contained therein. Meta admits that some footnotes purport to quote from and reference documents, which speak for themselves.

5. Meta admits that, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, it may use data that third-party developers choose to send Meta from their websites using the Meta Pixel code to improve Meta's features and technologies in a variety of ways, including to personalize Meta technologies; to provide, test, and improve Meta technologies; to promote safety, security, and integrity on Meta's technologies; to tailor ads that are shown on Meta technologies; for business intelligence and analytics; to research and innovate for social good; and to share with law enforcement and respond to legal requests. Meta further admits that it may be able to match certain data that developers choose to send to Meta to Meta user accounts in certain instances. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 5.

6. Meta admits that plaintiffs seek legal and equitable remedies, but denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6, and, on that basis, denies them. The allegations in the second sentence of paragraph 6 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 6.

## III. PARTIES

7. The allegations in the third and fourth sentences contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and, on that basis, denies them. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 7.

8. Meta admits that, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, it may use data that third-party developers choose to send Meta

from their websites using the Meta Pixel code to improve Meta's features and technologies in a variety of ways, including to tailor ads that are shown on Meta technologies. Meta otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and, on that basis, denies them. The allegations in the first sentence of paragraph 8 also contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 8.

9. The allegations in the third and fourth sentences contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and, on that basis, denies them. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 9.

10. Meta admits that, subject to Meta's Business Tools Terms, Privacy Policy, Platform Policy, and Commercial Terms, it may use data that third-party developers choose to send Meta from their websites using the Meta Pixel code to improve Meta's features and technologies in a variety of ways, including to tailor ads that are shown on Meta technologies. Meta otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and, on that basis, denies them. The allegations in the first sentence of paragraph 10 also contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 10.

11. Meta admits that plaintiffs M.D. and O.F. have had Facebook accounts prior to filing the SAC. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and, on that basis, denies them. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 11.

12. Meta admits that Facebook users must agree to the operative Terms of Service, Privacy Policy, and Cookies Policy to use Facebook and that, as part of agreeing to these terms, Facebook users permit Meta to receive and use certain data. The allegations in paragraph 12

contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 12.

13. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and, on that basis, denies them.

14. Meta admits that it is a corporation incorporated in Delaware and its principal place of business is in Menlo Park, San Mateo County, California. Meta admits that the Meta Pixel code is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code to enable transmission of data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. The second, third, and fifth sentences of paragraph 14 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 14.

## IV. JURISDICTION AND VENUE

15. The allegations in paragraph 15 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits it is headquartered in California. Except as expressly stated, Meta otherwise denies the allegations in paragraph 15.

16. The allegations in paragraph 16 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits it is headquartered in California. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 16.

17. The allegations in paragraph 17 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta admits that its principal place of business is in Menlo Park, San Mateo County, California and that it conducts business in California. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 17.

## V. FACTUAL ALLEGATIONS

### A. The BlueChew Website

18. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and, on that basis, denies them.

19. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and, on that basis, denies them.

20. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and, on that basis, denies them.

21. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and, on that basis, denies them.

22. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and, on that basis, denies them.

23. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and, on that basis, denies them.

24. The allegations in paragraph 24 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and, on that basis, denies them.

### B. Facebook's Tracking Technology on the BlueChew Website

25. Meta admits that the allegations in paragraph 25 purport to quote from a document, which speaks for itself. To the extent a response is required, Meta admits that it asks users to use the same name on Facebook that they use in everyday life. Meta admits that it asks users to enter their date of birth and gender when creating a Facebook account. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 25.

26. Meta respectfully refers the Court to Meta's Form 10-Ks, which speak for themselves, for information regarding Meta's revenue. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 26.

27. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that it informs prospective advertisers that they can use ad targeting, which use is subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. Meta further admits that it provides a Core Audiences feature that allows advertisers to set the parameters for their target audience based on criteria like demographics, location, interests, online behaviors, and connections subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. The allegations in paragraph 27 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. To the extent a response is required, Meta otherwise denies the remaining allegations in paragraph 27.

28. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that it offers a feature called Custom Audiences, which is an ad targeting option that, subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards, lets developers find their existing audiences among people across Meta technologies using sources like website traffic to create Custom Audiences of people who already know their business. Meta also admits that it offers a feature called Lookalike Audiences, which is an ad targeting option, subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards, that lets developers reach new people who are likely to be interested in their business because they share similar characteristics to existing customers. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 28.

29. Meta admits that the allegations in paragraph 29 purport to quote from and reference a document, which speaks for itself. To the extent a response is required, Meta admits that it makes available certain Business Tools, which are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others) who agree to the Meta Business Tools Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. The allegations in paragraph 29 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the

allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 29.

30. Meta admits that the allegations in paragraph 30 purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that advertisers can choose to integrate the Meta Pixel code into their website's code and configure it to transmit data that developers choose to send to Meta, including Standard Events (which Meta offers) and Custom Events (which advertisers name and define). Meta otherwise denies the remaining allegations in paragraph 30.

31. Meta admits that the allegations in paragraph 31 purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that the Meta Pixel code is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code and configure it to transmit data that developers choose to send to Meta so that developers can better understand the effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configure it to send data selected by the developer to Meta. The allegations in paragraph 31 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 31.

32. Meta admits that the allegations in paragraph 32 purport to quote from and reference documents, which speak for themselves. The allegations in paragraph 32 otherwise contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies them. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 32.

33. Meta admits that the allegations in paragraph 33 purport to quote from and reference documents, which speak for themselves. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 33.

34. Meta admits that advertisers can choose to integrate the Meta Pixel code into their website's code and configure it to transmit data that developers choose to send to Meta, including Standard Events (which Meta offers) and Custom Events (which advertisers name and define). Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 regarding persons or entities other than Meta and whether the information "tracked" includes "private data revealing prescribed medications purchased by patients on the BlueChew Website," and, on that basis, denies those allegations. The allegations in paragraph 34 also contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 34.

35. Meta admits that it makes available certain Business Tools, which are optional technologies that website owners and publishers, app developers, and business partners (including advertisers and others) who agree to the Meta Business Tools Terms, can choose to use and configure to understand and measure their products and services and better reach and serve people who use or might be interested in their products and services. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 35.

36. Meta admits that the allegations in paragraph 36 purport to quote from and reference documents, which speak for themselves. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 36.

37. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that it informs prospective advertisers that they can use ad targeting, which use is subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. The allegations in paragraph 37 contain conclusions of law for which no responsive pleading is required. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 37.

38. Meta admits that the Meta Pixel code is a free, publicly available piece of code that third-party developers can choose to integrate into their website's code and configure it to transmit data that developers choose to send to Meta so that developers can better understand the

effectiveness of their advertising, subject to Meta's Business Tools Terms, Data Policy (now known as Meta's Privacy Policy), Platform Policy, and Commercial Terms. Meta admits that the Meta Pixel code does nothing on its own, unless and until a developer chooses to use it and configure it to send data selected by the developer to Meta. The allegations in paragraph 38 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 38.

39. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, including the authenticity or source of Figures 5-6, and, on that basis, denies them. Meta otherwise denies the remaining allegations in paragraph 39.

40. Meta admits that when a developer chooses to configure the Meta Pixel code to measure an action that an individual takes on the developer's website, and subject to Meta's Business Tools Terms, Data Policy, Platform Policy, and Commercial Terms, the website may send Meta certain data called an "Event." Meta further admits that, depending on how a third-party developer has configured the Pixel on their site, Events could be triggered by actions including when a person navigates to a page or takes other action on a site, including clicking on page elements, adding something to their cart, or filling out survey questions. Meta admits that it received data from BlueChew associated with the AddToCart and CompleteRegistration events but lacks knowledge or information sufficient to form a belief as to whether the data transmitted "detail[s] information about which prescription the patient was purchasing on the Website," and, on that basis, denies those allegations. The allegations in paragraph 40 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 40.

41. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, including the authenticity or source of Figure 5, and, on that basis, denies them. Paragraph 41 also contains conclusions of law for which no responsive pleading is

required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 41.

42. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, including the authenticity or source of Figure 6, and, on that basis, denies them. Paragraph 42 also contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 42.

43. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and, on that basis, denies them. Paragraph 43 also contains conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 43.

44. The allegations in the first sentence of paragraph 44 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. In the fifth sentence of paragraph 44, Meta admits that plaintiffs purport to reference documents, which speak for themselves. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 44.

45. Meta admits that, subject to Meta's Terms of Service, Data Policy (now known as Meta's Privacy Policy), Cookies Policy, and user controls such as a Facebook user's "Ad Preferences" selection in the Accounts Center (which provides users with certain control over how their data is used for advertising, including an option to choose whether Meta uses activity sent from other businesses or organizations to show the user relevant content), a developer may choose to transmit a c_user cookie value to Meta when the user is logged into their Facebook account. Meta further admits that the c_user cookie value is unique to each Facebook account. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 45.

46. Meta admits that, subject to Meta's Terms of Service, Data Policy (now known as Meta's Privacy Policy), Cookies Policy, and user controls, such as a Facebook user's "Ad Preferences" selection in the Accounts Center (which provides users with control over how their

data is used for advertising, including an option to choose whether Meta uses activity sent from other businesses or organizations to show the user relevant content), a developer may choose to transmit certain cookies to Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 46.

47. Meta admits that the allegations in paragraph 47 purport to reference documents, which speak for themselves, and no responsive pleading is required. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 47.

48. Meta admits that a developer may choose to transmit certain cookies to Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 48.

49. Meta admits that the allegations in paragraph 49 purport to quote from and reference documents, which speak for themselves. To the extent a response is required, Meta admits that when a developer chooses to install the Meta Pixel code on its website, and if the developer has chosen to enable first-party cookies for the Pixel, the Pixel can save a unique identifier to an _fbp cookie for the website domain if one does not already exist. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 49.

50. Meta admits that plaintiffs purport to quote from and reference documents, which speak for themselves. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 50.

51. Meta admits that plaintiffs purport to reference documents, which speak for themselves. To the extent a response is required, Meta admits that the lifespan of the fr cookie is 90 days. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 51.

52. Meta admits that plaintiffs purport to reference documents, which speak for themselves. To the extent a response is required, Meta admits that the lifespan of the _fbp cookie is 90 days. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 52.

53. Meta admits that the allegations in paragraph 53 purport to quote from documents, which speak for themselves. To the extent a response is required, Meta admits that first-party

cookies are owned by the website a person is currently viewing, while third-party cookies belong to a website other than the one a person is currently viewing, and that both, in certain instances, can be used in relation to the Pixel. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 53.

54. With respect to the first sentence of paragraph 54, Meta admits it may be able to match certain data to Meta user accounts in certain instances, including by using cookies. The second sentence of paragraph 54 contains conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 54.

55. Meta admits it may be able to match certain data to Meta user accounts in certain instances. The allegations in paragraph 55 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 55.

56. Meta admits that it informs prospective advertisers that they can use ad targeting, which use is subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. Meta further admits that it provides a Core Audiences feature that allows advertisers to set the parameters for their target audience based on criteria like demographics, location, interests, online behaviors, and connections subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards. Meta further admits that it offers a feature called Custom Audiences, which is an ad targeting option that, subject to Meta's Self-Serve Ad Terms and Meta Advertising Standards, lets developers find their existing audiences among people across Meta technologies using sources like website traffic to create Custom Audiences of people who already know their business. The allegations in paragraph 56 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 56.

57. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and, on that basis, denies them.

58. The allegations in paragraph 58 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies them. Meta also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and, on that basis, denies them. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 58.

**C. Google's Tracking Technology on the BlueChew Website**

59. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and, on that basis, denies them.

60. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and, on that basis, denies them.

61. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and, on that basis, denies them.

62. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and, on that basis, denies them.

63. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and, on that basis, denies them.

64. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and, on that basis, denies them.

65. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and, on that basis, denies them.

66. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and, on that basis, denies them.

67. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, and, on that basis, denies them.

68. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, and, on that basis, denies them.

69. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and, on that basis, denies them.

70. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and, on that basis, denies them.

71. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and, on that basis, denies them.

72. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, and, on that basis, denies them.

73. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and, on that basis, denies them.

74. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and, on that basis, denies them.

75. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and, on that basis, denies them.

76. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, and, on that basis, denies them.

77. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and, on that basis, denies them.

**D. Defendants Intercepted Legally Protected Information**

78. The allegations in paragraph 78 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and, on that basis, denies them.

79. Meta admits that the allegations in paragraph 79 purport to quote from statutes that speak for themselves. The allegations in paragraph 79 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 79.

80. Meta admits that the allegations in paragraph 80 purport to quote statutes that speak for themselves. The allegations in paragraph 80 contain conclusions of law for which no responsive

pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 80.

81. Meta admits that the allegations in paragraph 81 purport to quote statutes that speak for themselves. The allegations in paragraph 81 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 81.

82. Meta admits that the allegations in paragraph 82 purport to quote statutes that speak for themselves. As for the characterizations of and legislative history of these statutes, Meta lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. The allegations in paragraph 82 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 82.

83. The allegations in paragraph 83 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 83.

## VI. <u>CLASS ACTION ALLEGATIONS</u>

84. Meta admits that plaintiff M.D. purports to bring this class action individually and on behalf of a class defined as all natural persons in California who, during the class period, purchased medication on www.BlueChew.com (the "California Class"). Meta denies that class certification is appropriate for this case. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 84.

85. Meta admits that plaintiff O.F. purports to bring this class action individually and on behalf of a class defined as all natural persons in Pennsylvania who, during the class period, purchased medication on www.BlueChew.com (the "Pennsylvania Class"). Meta denies that class certification is appropriate for this case. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 85.

86. Meta admits that plaintiffs purport in paragraph 86 to reserve their right to modify the class definitions or add sub-classes as necessary prior to filing a motion for class certification.

Meta denies that class certification is appropriate in this case. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 86.

87. Meta admits that plaintiffs purport to allege a "Class Period." Meta denies that class certification is appropriate in this case. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 87.

88. Meta admits that plaintiffs seek to exclude certain individuals and entities from the purported class and subclass definitions. Meta denies that class certification is appropriate for this case. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 88.

89. The allegations in paragraph 89 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 regarding the number of purported members in the putative class, and, on that basis, denies them. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 89, including that class certification is appropriate for this case.

90. The allegations in paragraph 90 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 90, including that class certification is appropriate for this case.

91. The allegations in paragraph 91 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 regarding persons or entities other than Meta. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 91, including that class certification is appropriate for this case.

92. The allegations in paragraph 92 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta

otherwise denies the remaining allegations in paragraph 92, including that class certification is appropriate for this case.

93. The allegations in paragraph 93 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 93, including that class certification is appropriate for this case.

## VII. CAUSES OF ACTION

### COUNT I

### Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631

94. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Meta admits that plaintiff M.D. purports to bring this class action individually and on behalf of a class but denies that class certification is appropriate for this case.

95. Meta admits that the allegations in paragraph 95 purport to quote from and reference Cal. Penal Code § 630, which speaks for itself. The allegations in paragraph 95 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 95.

96. Meta admits that the allegations in paragraph 96 purport to quote from and reference Cal. Penal Code § 631(a), which speaks for itself. The allegations in paragraph 96 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 96.

97. The allegations in paragraph 97 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations.

98. The allegations in paragraph 98 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 regarding persons or entities other than Meta, and, on that basis, denies them.

99. The allegations in paragraph 99 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99 regarding persons or entities other than Meta, and, on that basis, denies them.

100. The allegations in paragraph 100 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations.

101. The allegations in paragraph 101 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 regarding persons or entities other than Meta, and, on that basis, denies them.

102. The allegations in paragraph 102 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 regarding persons or entities other than Meta, and, on that basis, denies them.

103. The allegations in paragraph 103 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 regarding persons or entities other than Meta, and, on that basis, denies them.

104. The allegations in paragraph 104 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 regarding persons or entities other than Meta, and, on that basis, denies them.

105. The allegations in the first sentence of paragraph 105 refer to the relief sought by plaintiffs and putative class members in the Second Amended Complaint, which speaks for itself.

As for the second sentence, Meta admits that plaintiffs purport to quote from Cal. Penal Code § 637.2, which speaks for itself. The allegations in paragraph 105 contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 regarding persons or entities other than Meta, and, on that basis, denies them.

106. The allegations in paragraph 106 refer to the relief sought by plaintiffs and putative class members in the Second Amended Complaint, which speaks for itself. The allegations in paragraph 106 also contain conclusions of law, for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 regarding persons or entities other than Meta, and, on that basis, denies them.

**COUNT II**

**Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632**

107. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Meta admits that plaintiff M.D. purports to bring this class action individually and on behalf of a class but denies that class certification is appropriate for this case.

108. Meta admits that the allegations in paragraph 108 purport to quote from and reference Cal. Penal Code § 632, which speaks for itself. The allegations in paragraph 108 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 108.

109. Meta admits that the allegations in paragraph 109 purport to quote from and reference Cal. Penal Code § 632, which speaks for itself. The allegations in paragraph 109 contain

conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta otherwise denies the remaining allegations in paragraph 109.

110. The allegations in paragraph 110 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 regarding persons or entities other than Meta, and, on that basis, denies them.

111. The allegations in paragraph 111 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111 regarding persons or entities other than Meta, and, on that basis, denies them.

112. The allegations in paragraph 112 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 regarding persons or entities other than Meta, and, on that basis, denies them.

113. The allegations in paragraph 113 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 regarding persons or entities other than Meta, and, on that basis, denies them.

114. The allegations in paragraph 114 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 regarding persons or entities other than Meta, and, on that basis, denies them.

115. The allegations in paragraph 115 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 regarding persons or entities other than Meta, and, on that basis, denies them.

116. The allegations in paragraph 116 refer to the relief sought by plaintiffs and putative class members in the Second Amended Complaint, which speaks for itself. The allegations in paragraph 116 also contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification.

117. The allegations in paragraph 117 refer to the relief sought by plaintiffs and putative class members in the Second Amended Complaint, which speaks for itself. The allegations in paragraph 117 also contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 regarding persons or entities other than Meta, and, on that basis, denies them.

## COUNT III

## Invasion of Privacy Under California's Constitution

118. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Meta admits that plaintiff M.D. purports to bring this class action individually and on behalf of a class but denies that class certification is appropriate for this case.

119. The allegations in paragraph 119 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 119 regarding persons or entities other than Meta, and, on that basis, denies them.

120. The allegations in paragraph 120 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 regarding persons or entities other than Meta, and, on that basis, denies them.

121. The allegations in paragraph 121 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 regarding persons or entities other than Meta, and, on that basis, denies them.

122. The allegations in paragraph 122 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 regarding persons or entities other than Meta, and, on that basis, denies them.

123. The allegations in paragraph 123 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations.

124. The allegations in paragraph 124 refer to the relief sought by plaintiffs and putative class members in the Second Amended Complaint, which speaks for itself. The allegations in paragraph 124 also contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta further denies that plaintiffs or putative class members have been injured or suffered damages of any kind and that they are entitled to any form of relief from Meta, or that this case is appropriate for class certification.

**COUNT IV**

**Violation of the Pennsylvania Wiretapping Act, 18 Pa. Cons. Stat. § 5701**

125. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein. Meta admits that plaintiff O.F. purports to bring this class action individually and on behalf of a class but denies that class certification is appropriate for this case.

126. Meta admits that the allegations in paragraph 126 purport to reference 18 Pa. Cons. Stat. § 5703, which speaks for itself. The allegations in paragraph 126 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 126.

127. Meta admits that the allegations in paragraph 127 purport to reference 18 Pa. Cons. Stat. § 5725(a), which speaks for itself. The allegations in paragraph 127 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 127.

128. Meta admits that the allegations in paragraph 128 purport to quote from and reference 18 Pa. Cons. Stat. § 5702, which speaks for itself. The allegations in paragraph 128 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 128.

129. Meta admits that the allegations in paragraph 129 purport to reference 18 Pa. Cons. Stat. § 5702, which speaks for itself. The allegations in paragraph 129 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Except as expressly stated, Meta otherwise denies the remaining allegations in paragraph 129.

130. The allegations in paragraph 130 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 130 regarding persons or entities other than Meta, and, on that basis, denies them.

131. The allegations in paragraph 131 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 regarding persons or entities other than Meta, and, on that basis, denies them.

132. The allegations in paragraph 132 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132 regarding persons or entities other than Meta, and, on that basis, denies them.

133. The allegations in paragraph 133 contain conclusions of law for which no responsive pleading is required. To the extent a response is required, Meta denies the allegations. Meta also lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 regarding persons or entities other than Meta, and, on that basis, denies them.

## VIII. PRAYER FOR RELIEF

Meta responds to the Prayer for Relief as follows: Meta denies that plaintiffs are entitled to relief against Meta and requests that the Court dismiss all claims against Meta with prejudice and order such further relief as the Court deems just and appropriate.

## IX. DEMAND FOR JURY TRIAL

Meta admits that plaintiffs purport to demand a jury trial of all issues so triable.

## AFFIRMATIVE DEFENSES

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Meta's knowledge, information, and belief at this time. By asserting the defenses herein, Meta has not knowingly and intentionally waived any applicable defenses and

hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Laches / Waiver / Release / Estoppel / Unclean Hands / Inequitable Conduct)**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of laches, waiver, release, estoppel, unclean hands in pari delicto, and/or inequitable conduct. Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including BlueChew's policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, plaintiffs and Class members had access to the Off-Facebook Activity tool, which allowed Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from the BlueChew website, including (but not limited to) through the aforementioned disclosures, and they continued to use Meta's and/or the BlueChew website's services, and/or failed to diligently pursue their claims.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' and Class members' claims for damages are barred, in whole or in part, to the extent discovery reveals they failed to mitigate their damages. For example, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them, including but not limited to through Meta's Terms of Service, Privacy Policy, Cookies Policy, and Off-Facebook Activity tool and/or the BlueChew website's policies and disclosures, yet continued to use Meta's and/or the BlueChew website's services, they are barred, in whole or in part, from recovering damages based on their continued use of Meta's and/or the BlueChew website's

services. Plaintiffs and Class members are also barred, in whole or in part, from recovering damages based on the alleged disclosure of information that plaintiffs have publicized through other channels, such as social media. Plaintiffs and Class members are also barred, in whole or in part, from recovering damages to the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Statutes of Limitation)**

The SAC and the claims alleged therein are barred, in whole or in part, by one or more of the statutes of limitations under applicable law. The statute of limitations for plaintiffs' California Invasion of Privacy Act claims is one year. Cal. C.C.P. § 340(a). The statute of limitations for plaintiffs' constitutional invasion of privacy claim is two years. Cal. C.C.P. § 335.1. Plaintiffs allege they have Facebook accounts and when signing up for those accounts, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy which, along with other publicly available materials (including BlueChew's policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Plaintiffs' complaint is barred, in whole or in part, to the extent plaintiffs and Class members had notice regarding the information Meta allegedly received about them from BlueChew's website, including (but not limited to) through the aforementioned disclosures, and they failed to bring their claims within one year from when they had, or should have had, such notice.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Barred by Contract)**

The SAC and the claims alleged therein are barred, in whole or in part, by contracts and/or agreements entered into with Meta and with BlueChew which govern the subject matter of plaintiffs' and Class members' claims. Plaintiffs allege that they had Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes.

Plaintiffs' complaint is barred, in whole or in part, because plaintiffs and Class members agreed to Meta's receipt of the data the BlueChew website allegedly sent about them through their contracts with Meta. Plaintiffs' and Class members' claims are also barred, in whole or in part, by the limitation-of-liability provision in Meta's Terms of Service. Plaintiffs' and class members' contracts with Bluechew may also bar their claims, in whole or in part, for the same or similar reasons as Meta's contracts—i.e., because they disclose that BlueChew's website shares data with third parties such as Meta and/or because they limit plaintiffs' and Class members' ability to recover for the alleged disclosure of their information.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Mistake)**

The SAC and the claims alleged therein are barred, in whole or in part, on the grounds that Meta reasonably relied on facts that may later prove to be false and/or made a bona fide error despite using reasonable procedures to avoid any such error. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representation in the Business Tools Terms.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unjust Enrichment)**

The right to relief on behalf of plaintiffs and Class members is barred by the doctrine of unjust enrichment. Plaintiffs and Class members would be unjustly enriched if allowed to recover the relief claimed to be due, including because plaintiffs and Class members consented to the alleged conduct complained of, including by agreeing to Meta's Terms of Service, its Privacy Policy, and/or Cookies Policy. These policies, as well as other publicly available materials (including BlueChew's policies), disclose Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, plaintiffs and Class members had access to the Off-Facebook Activity tool, which allowed Facebook users to view a summary of the apps and

websites that send Meta information about the user's activity. The doctrine of unjust enrichment bars plaintiffs' and Class members' right to relief to the extent they continued to use Meta's and/or the BlueChew website's services (and obtained the benefits of those services) despite having notice regarding the information Meta allegedly received about them from their interactions with third parties, including BlueChew. The doctrine of unjust enrichment also bars plaintiffs' and Class members' right to relief to the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Wrong Party)**

The SAC and the claims alleged therein are barred, in whole or in part, because plaintiffs have filed suit against the wrong party. Plaintiffs have filed suit against Meta rather than BlueChew—the subject website that uses Meta's services. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tools Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Third parties who use the Meta Business Tools, including BlueChew, are responsible for how they choose to use the Meta Business Tools.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Privacy Interest)**

The SAC and the claims alleged therein are barred, in whole or in part, because plaintiffs do not maintain a legally protected privacy interest over any data plaintiffs allege to have been impermissibly collected. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including BlueChew's policies), disclosed Meta's receipt of data through the Business Tools and its use of data for

advertising purposes. Further, plaintiffs and Class members had access to the Off-Facebook Activity tool, which allowed Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, due to their inability to show a privacy interest in data they were on notice Meta allegedly received about them from the BlueChew website, including (but not limited to) through the aforementioned disclosures. Plaintiffs' complaint is also barred, in whole or in part, due to their inability to show a privacy interest in their web-browsing data, which is not sensitive or confidential.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Intervening or Superseding Cause)**

Plaintiffs' and the Class members' claims are barred, in whole or in part, because the damages alleged in the SAC, if any, were caused by persons and entities other than Meta. Such intervening and superseding conduct of others bars and/or diminishes recovery, if any, against Meta. Any alleged harm to the plaintiffs and Class members was proximately caused by subsequent and intervening or superseding acts of plaintiffs or the Class members and/or of third parties, including without limitation, by BlueChew's decision to use the Meta Business Tools and/or to configure the Meta Business Tools to transmit certain information to Meta. Meta's Business Tools Terms require third parties who use the Meta Business Tools to, among other things, "represent and warrant that you (and any data provider that you may use) have all of the necessary rights and permissions and a lawful basis (in compliance with all applicable laws, regulations, and industry guidelines) for the disclosure and use of Business Tool Data." Meta reasonably relied on third parties using the Meta Business Tools to abide by the requirements and representations in the Business Tools Terms. Therefore, any alleged harm to the plaintiffs was caused by Bluechew's failure to abide by Meta's Business Tools Terms rather than any action Meta is alleged to have taken.

Additionally, plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including BlueChew's policies), disclosed Meta's receipt of data through the

Business Tools and its use of data for advertising purposes. Further, plaintiffs and Class members had access to the Off-Facebook Activity tool, which allowed Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. To the extent plaintiffs and Class members failed to read these disclosures, any alleged harm to the plaintiffs was caused by their failure to read these disclosures rather than any action Meta is alleged to have taken. To the extent plaintiffs and Class members did not attempt to use settings that would limit the information Meta associated with their Facebook accounts or the data Meta used for advertising purposes, any alleged harm to the plaintiffs was also caused by their failure to use these settings rather than any action Meta is alleged to have taken.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Party to Communications)**

The SAC and the claims alleged therein are barred, in whole or in part, because Meta was a party to any and all communications Meta allegedly received, and therefore no actionable interception occurred. The Meta Pixel code is a free, publicly available piece of code that third-party developers can embed in their websites to measure visitor activity and share that data with Meta. To the extent the BlueChew website or users shared data with Meta, Meta was a party to the relevant communications, and a party cannot be held liable for "wiretapping" or "eavesdropping" on its own communications. *Doe I v. Google LLC*, 2024 WL 3490744, at *5 (N.D. Cal. July 22, 2024); *Cody v. Boscov's, Inc*., 658 F. Supp. 3d 779, 782 (C.D. Cal. 2023); *Thomasson v. GC Servs. Ltd. P'ship*, 321 F. App'x 557, 559 (9th Cir. 2008). As a result, Meta is exempt from any wiretapping or eavesdropping liability under the California Invasion of Privacy Act as a party to the communications at issue.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294

of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g., Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 77 (1988).

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unconstitutional Aggregation of Statutory Damages)**

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what plaintiffs and Class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. *See, e.g., Wakefield v. ViSalus, Inc*., 51 F.4th 1109, 1123 (9th Cir. 2022).

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Consent/Ratification)**

The SAC and the claims alleged therein are barred, in whole or in part, by the doctrines of consent and/or ratification because BlueChew, plaintiffs, and Class members manifested agreement through words and/or conduct to the sharing and/or use of their personal information as alleged in the SAC. Plaintiffs allege that they have Facebook accounts. When Facebook users, including plaintiffs and Class members, signed up for a Facebook account, they agreed to Meta's Terms of Service, Privacy Policy, and Cookies Policy. These policies, as well as other publicly available materials (including BlueChew's policies), disclosed Meta's receipt of data through the Business Tools and its use of data for advertising purposes. Further, plaintiffs and Class members had access to the Off-Facebook Activity tool, which allowed Facebook users to view a summary of the apps and websites that send Meta information about the user's activity. Plaintiffs' complaint is barred, in whole or in part, because BlueChew, plaintiffs, and Class members consented to Meta's receipt of the information Meta allegedly received about them from BlueChew's website, including (but not limited to) to the extent they viewed the aforementioned disclosures, or, in the case of BlueChew Meta's Commercial Terms, Business Tools Terms, and other developer-facing

policies and publicly available materials, and they continued to use Meta's and/or the BlueChew website's services and the Meta Pixel code.

Dated: September 10, 2026

LATHAM & WATKINS LLP

By: /s/ Melanie M. Blunschi
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Kristin Sheffield-Whitehead (Bar No. 304635)
*kristin.whitehead@lw.com*
Catherine A. Rizzoni (Bar No. 322267)
*cat.rizzoni@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant*
*Meta Platforms, Inc.*